UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREAU GERALD WILSON,<br><br>Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>Respondent. | No. 2:19-cv-0214 AC HC<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATION |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request for appointment of counsel.

The petition seems to allege both that petitioner received ineffective assistance of counsel and that the prison violated his right to access the courts by interfering with his access to counsel. ECF No. 1. Although the petition does not provide any information regarding petitioner's conviction, he references California Supreme Court Case No. S070327. The case summary on the California Supreme Court's website reveals that Case No. S070327 was an automatic appeal from a capital conviction.[1] The docket in that case further reveals that after petitioner's

---

[1] Case summary for Case No. S070327 available at: https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=1802064&doc_no=S070327&request_token=NiIwLSIkTkw8WzBZSyNNSENIUDg0UDxbJCJeSzhSQCAgCg%3D%3D. The court takes judicial notice of this and other relevant court records. See Fed. R. Evid. 201; see also Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), (continued…)

1

conviction was upheld, he filed a habeas petition which was assigned Case No. S166315.[2] Case No. S166315 was recently transferred to the Los Angeles County Superior Court, the court of conviction, pursuant to California Penal Code § 1509(g). In re Wilson, No. S166315, 2018 Cal. LEXIS 7682 (Cal. Oct. 10, 2018).

To the extent petitioner is trying to challenge his conviction, he is in the wrong court. Petitioner was convicted in Los Angeles County, which is in an area embraced by the United States District Court for the Central District of California, and he is incarcerated at San Quentin State Prison, which is in an area embraced by the United States District Court for the Northern District of California. Jurisdiction in habeas cases is proper in both the district where petitioner was convicted and the district where he is confined. 28 U.S.C. § 2241(d). Because petitioner was not convicted in this district and is not presently confined here, this court does not have jurisdiction to entertain the application. Although this court could transfer the petition to an appropriate venue, it declines to do so in this case because it appears that petitioner's state habeas proceedings are still in progress and that any petition would likely be at least partially unexhausted. If petitioner wants to pursue a federal habeas petition related to his capital conviction, he is free to do so in the proper court.

The court also notes that the petition appears to be mixed with respect to the type of claims it attempts to assert. A federal court may grant a petition for writ of habeas corpus only if the petitioner can show that "he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). Claims challenging the validity of a prisoner's continued incarceration, including the fact or length of the custody, lie within the "heart of habeas corpus" and are cognizable only in federal habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 498 (1973); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (citation omitted). Conversely, "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within

---

aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).
[2] Docket in Case No. 070327 available at:
https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1802064&doc_no=S070327&request_token=NiIwLSIkTkw8WzBZSyNdXEpIQFQ0UDxbJCJeSzhSQCAgCg%3D%3D.

2

the core of habeas corpus." Id. Accordingly, petitioner's claims of interference with his access to the court and counsel, to the extent they do not call into question the validity of his sentence, and his request for unspecified "civil recovery" (ECF No. 1 at 5), are outside the scope of habeas. To the extent those claims do imply the invalidity of his sentence and petitioner is seeking damages, the claims are barred by Heck v. Humphrey. 512 U.S. 477, 487 (1994) (A claim to recover monetary damages is not cognizable under § 1983 if success on the claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence.").

If petitioner seeks to challenge the conditions of his confinement, he may not do so in this court. The federal venue statute provides as follows:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Petitioner is incarcerated at San Quentin State Prison, and it appears the alleged violations took place at that prison. ECF No. 1. As noted above, San Quentin State Prison is located in the Northern District of California. Accordingly, any claims related to the conditions of confinement at that prison are properly brought in that court. If petitioner wishes to challenge his conditions of confinement, he must do so by filing a civil rights complaint in the Northern District Court.

In light of the recommendation that the petition be dismissed, petitioner's motion for appointment of counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (ECF No. 2) is denied.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the petition be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 7, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE